**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ANITA SPEARS** | **CASE NO. 1:21-cv-4306** |
| **-vs-** | **JUDGE DRELL** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING AND ORDER

Before the Court is Defendant State Farm's "Motion for Summary Judgment or, Alternatively, Motion for Partial Summary Judgment," (Doc. 23). Plaintiff filed an opposition to this motion (Doc. 30), and Defendant replied, (Doc. 32). For the reasons expressed herein, the and the motion for summary judgment, (Doc. 23), will be **GRANTED**.

## I.    BACKGROUND

This dispute involves a denial of insurance payments for damages sustained to property in the wake of an unprecedented winter storm that roared across much of the continental United States. Winter Storm Uri made landfall in Louisiana on or around February 16, 2021, ushering in frigid temperatures and dumping snow and ice in and around central Louisiana.

On February 18, 2021, Ms. Spears reported that she noticed some leaks in her kitchen, bathroom, den, and car porch and suspected that they originated from ice melting on her roof. She later indicated that she noticed the water leaks impacted her dining room and office areas. However, she did not suggest that any leaks had occurred in either of her bedrooms or in the laundry room. State Farm dispatched a claims adjuster to Plaintiff's home on March 8, 2021, and he prepared an estimate to repair the inspected areas Plaintiff alleged to have been damaged by

1

weather events resulting from Winter Storm Uri. State Farm estimated the total repair costs, including damage to an electric meter, and to date, the company has paid out $4,721.77 to Plaintiff.

Within a few months of the storm, Plaintiff retained KARRCPAU to prepare an estimate of the weather-related damages. On July 9, 2021, Mr. Donald Karr of KARRCPAU signed off on an estimate totaling $184,855.39 and appended inspection summaries, and a "Photo Report" as demonstratives of the estimate data. KARRCPAU's report recommended the removal and replacement of several features of Plaintiff's home, including the roof, the roof's framing, soffit, fascia, and other components of the home which Plaintiff did not originally report as damaged by the storm.

Sometime after, Plaintiff retained Andrew Gary, P.E. of K&M Project Services, LLC in Lake Charles, Louisiana to inspect her home and prepare a report explaining the cause of reported weather-related damages. Mr. Gary conducted his inspection on April 17, 2022—fifteen months after Plaintiff suffered the purported damage. Mr. Gary's report detailed that much of Plaintiff's roofing woes stemmed from "moisture intrusion" and a "very mild sloped roof." Although he noted the precipitation totals for Alexandria, Louisiana for the month of February 2021, he did not expressly tie the property damage to Plaintiff's home to Winter Storm Uri.

Defendant filed a motion *in limine* seeking the exclusion of the opinions of Plaintiff's experts, Andrew Gary, P.E., and Don Karr. (Doc. 24). We recently issued a ruling on the motion wherein we excluded the report and testimony of Mr. Gary but allowed Mr. Karr to be tendered as an expert witness in matters of general contracting and repair. (Doc. 42) However, we specifically noted Mr. Karr could not testify as to causation. (Id.). Defendant's instant motion relies heavily upon this ruling as it contends that without expert testimony as to causation, Plaintiff cannot establish that the outstanding damages are covered under the policy.

2

## II.   APPLICABLE LAW

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute of material fact is genuine if evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 680 (5th Cir. 2011) (internal citations omitted). It is important to note that the standard for summary judgment is twofold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law. Id.

The movant has the burden of pointing to evidence proving there is no genuine dispute as to any material fact, or the absence of evidence supporting the nonmoving party's case. Liberty Lobby, 477 U.S. at 250. The burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claim. Id. The nonmoving party must establish the existence of a genuine dispute of material fact for trial by showing the evidence, when viewed in the light most favorable to her, is sufficient to enable a reasonable jury to render a verdict in her favor. Duffy v. Leading Edge Prods., Inc., 44 F.3d 308, 312 (5th Cir. 1995) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321 (1986)). A party whose claims are challenged by a motion for summary judgment may not rest on the allegations in the complaint and must articulate specific factual allegations which meet his burden of proof. Id. "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." Duffy, 44 F.2d at 312 (citing Liberty Lobby, 477 U.S. at 247).

When ruling on a motion for summary judgment, it is improper for a court to make a credibility determination or weigh the evidence. <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 150 (2000). A court must also view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in that party's favor. <u>Clift v. Clift</u>, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine dispute of material fact exists when the evidence would allow for a reasonable trier of fact to return a verdict for the nonmovant. <u>Renfroe v. Parker</u>, 974 F.3d 594, 599 (5th Cir. 2020) (citing <u>Austin v. Kroger Tex., L.P.</u>, 864 F.3d 326, 328 (5th Cir. 2017)).

Unlike summary judgment, "[a] partial summary judgment order . . . . is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." <u>Streber v. Hunter</u>, 221 F.3d 701, 737 (5th Cir. 2000) (internal citation and quotation marks omitted). Partial summary judgment, like its more fulsome counterpart, summary judgment, however, does serve "to root out, narrow, and focus the issues" argued at trial. <u>Calpetco 1981 v. Marshall Exploration, Inc.</u>, 989 F.2d 1408, 1415 (5th Cir. 1993).

## III.   ANALYSIS

In the instant motion, State Farm moved this Court "to enter a summary judgment in its favor dismissing all of Plaintiff's claims with prejudice" arguing that the exclusion Mr. Gary would leave Plaintiff "without an admissible opinion on causation for any of her alleged damages." (Doc. 23, p.1 and 7). Plaintiff opposes the motion but fails to assert anything other than a conclusory statement that: coverage for the claim exists; the damages sought are related to the claim; and Defendant failed to note any exclusions applicable to the claim. (Doc. 30, p.1).

It is undisputed that, under the policy at issue, Plaintiff bears the burden of proving the claimed damages arise specifically out of Winter Storm Uri. Again, we have excluded the use of

4

Mr. Gary's report and testimony at trial.   While the exclusion of expert testimony regarding causation in a case such as this is not necessarily fatal to Plaintiff's case, her failure to point to any other evidence or testimony regarding causation is indeed fatal.   Without such evidence, Plaintiff has not shown that a genuine issue of material fact exists.   In fact, she has shown that she cannot carry her burden of proof at trial.

As to Plaintiff's claims for penalties and attorney's fees, we turn to Louisiana Revised Statutes sections 22:1892 and 22:1973 which provide for the recovery of punitive damages when insurers arbitrarily or capriciously fail to pay a claim as well as section 22:1892(b)(1) which allows for the recovery of attorney's fees.   Louisiana Revised Statutes 22:1892 subjects an insurer to the mandatory imposition of penalties and attorney's fees when it is arbitrary and capricious in failing to tender the undisputed amount or makes a written offer to settle a claim within thirty days of satisfactory proof of loss.   Specifically, Section 22:1892 provides for penalties in an amount up to fifty percent of "the amount found to be due from the insurer to the insured[.]"

To prevail under Section 22:1892, a claimant must establish the following: (1) that the insurer received satisfactory proof of loss; (2) failed to pay the claim within the applicable statutory period or failed to make a written offer to settle the claim; and (3) that the failure to timely tender a reasonable amount was arbitrary, capricious, or without probable cause.   Bourg v. Safeway Ins. Co. of La., 19-270, pp. 14-15 (La. App. 1 Cir. 3/5/20); 300 So.3d 881, 891.   As stated several times, Plaintiff has not and cannot establish satisfactory proof of loss, so Defendant was not arbitrary or capricious in not tendering payment for the outstanding damages.

Plaintiff also argues that even if she isn't entitled to additional amounts, she can still recover punitive damages and attorney's fees because Defendant acted arbitrarily, capriciously, and without probable cause when it failed to remit payment in a timely manner.   We find this

argument disingenuous.  The record evidence establishes that on February 18, 2021, Plaintiff reported water damage from a leaking roof to her kitchen, bathroom, den, and car port to Defendant.  She called Defendant again on February 22 and 27 to report leaks in her kitchen, dining room, office, bathroom, foyer, and living room.  On March 8, 2021, Defendant inspected Plaintiff's home and noted no evidence of exterior storm related damages but did observe water stains on the ceiling in the bathroom and living room.  On that same day, Defendant prepared an estimate to repair those damages and issued a check.  Defendants advised Plaintiff that she could claim additional replacement cost benefits upon completion of repairs.  (Docs. 23-3, p.2 and 30-2).

On various dates throughout the months of June, July, and August, Defendant attempted to speak with Plaintiff's counsel regarding her contractor's estimate for repairs.  That estimate was provided on August 16, 2021 and stated the repairs would cost $184, 855.39, which exceeded the amount of dwelling insurance under the policy, $172,444.  Accordingly, Defendant requested another inspection of the home, and it was conducted on August 26, 2021.  Although she did not find damage near to the extent claimed by Plaintiff's contractor, she did note some additional water stains that were not previously reported and not covered by the prior payment.  Accordingly, Defendant revised its estimate on September 1, 2021 and remitted payment on September 8, 2021. (Docs. 23-3,p.2 thru 5 and 30-2).

Finally, on November 1, 2021, Defendant received a bill for a damaged meter.  Defendant conducted an investigation and issued payment to Plaintiff on November 8, 2021.  (Doc. 23-3, p. 6 and 30-2).

These facts, which are uncontested by Plaintiff, establish that Defendant made three payments, each one within thirty days of receiving notice of property damage attributable to Winter Storm Uri.  To argue that payments for damages related to Winter Storm Uri "spanned the course

of 9 months," is misleading, and to believe that payment for damages not reported in the initial claim must somehow be paid within 30 days of opening that claim is nonsensical.  (Doc. 30, p.2).

## IV.   CONCLUSION

For the foregoing reasons, State Farm's motion for summary judgment (Doc. 23) will be GRANTED in full.  A judgment in conformity with this finding will issue.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this _27_ day of September 2023.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT